# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 13-421V
Filed: February 27, 2015
To be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| G.G.M., a Minor, by and Through her Guardian Ad Litem, LORENA MORA, | * * * * | |
| | * | Motion for Relief from Judgment Denied; |
| | * | Vaccine Rule 36; Rules 60(b)(1) and (b)(6); |
| Petitioner, | * | Voluntary Dismissal |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT[1]

Petitioner has filed a "Motion to Set Aside Judgment and Dismissal of Petition Based on Vaccine Rule 36 and RCFC 60(b)." The undersigned interprets this as a motion for relief from judgment and **DENIES** the motion.

---

[1] Because this order contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

## BACKGROUND

### A. Petitioner's Claim and Motion for Dismissal

On June 25, 2013, petitioner, Lorena Mora, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that her daughter, G.G.M., suffered transverse myelitis as a result of the influenza ("flu") vaccination she received on September 5, 2012.

The undersigned held the initial telephonic status conference on August 22, 2013, during which she reviewed the medical records with the parties and encouraged the parties to consider a litigative risk settlement. For the next ten months, the parties engaged in settlement negotiations, with each party preparing a life care plan.

At the request of petitioner's counsel, a telephonic status conference was held on July 21, 2014. Petitioner's counsel reported that petitioner wished to dismiss her case and sue the vaccine administrator and manufacturer civilly. The undersigned issued a decision granting petitioner's motion to dismiss on July 21, 2014. Judgment entered on August 29, 2014, and petitioner filed her Notice of Election to File a Civil Action on September 26, 2014.

### B. Petitioner's Suits Outside the Vaccine Program

On October 14, 2014, petitioner filed a suit in the Los Angeles Superior Court alleging causes of action for products liability for manufacturing defect, design defect, and failure to warn against Sanofi Pasteur, Inc., the manufacturer of the flu vaccine administered to G.G.M. on September 5, 2012. Pet'r's Mot. at 2. On December 16, 2014, Sanofi Pasteur, Inc. filed a Notice of Removal to federal court based on the United States Supreme Court decision in Bruesewitz v. Wyeth L.L.C., 131 S.Ct. 1068 (2011). Id. On February 11, 2015, Sanofi Pasteur, Inc. filed a Rule 12(b) Motion to Dismiss petitioner's entire product liability suit based on Bruesewitz. Pet'r's Reply at 1.

On December 4, 2014, petitioner demanded arbitration with Kaiser Permanente for medical malpractice and lack of informed consent against Chhoeuy Ov Yam, M.D. (G.G.M.'s pediatrician) and Shirley Williams, L.V.N. for failing to provide the Vaccine Administration Sheet to petitioner prior to administering G.G.M.'s vaccination on September 5, 2012. Pet'r's Mot. at 2.

### C. Petitioner's Motion for Relief from Judgment

On January 21, 2015, petitioner filed a motion for relief from judgment. Petitioner requests that her vaccine claim be restored without prejudice in exchange for dismissing her pending product liability lawsuit against Sanofi Pasteur, Inc. and withdrawing her demand for arbitration with Kaiser Permanente. Petitioner's counsel states he was unaware that any design defect claim[2] or failure to warn claim[3] against the vaccine manufacturer is preempted by the

---

[2] In Bruesewitz, the Supreme Court held that "the National Childhood Vaccine Injury Act preempts all design-defect claims against vaccine manufacturers brought by plaintiffs who seek compensation for

2

Vaccine Act.  Petitioner argues that her counsel's ignorance of both Bruesewitz, 131 S.Ct. 1068, and section 300aa-22(c) of the Vaccine Act constitutes "mistake, inadvertence, surprise or excusable neglect" under rule 60(b)(1) of the Rules of the Court of Federal Claims ("RCFC").  In the alternative, petitioner argues that the undersigned should set aside judgment under the catch-all provision in RCFC 60(b)(6), which states the court may relieve a party from final judgment for "any other reason that justifies relief."

Respondent filed an opposition to petitioner's motion on February 4, 2015.  Respondent argues that petitioner is bound by her counsel's acts or omissions and that petitioner's counsel's ignorance of the law is not a valid basis for granting relief under Rule 60(b)(1).  Opp. at 5–6 (citing Pioneer Inv. Servs. Co. v. Brunswick Ltd. P'ship, 507 U.S. 380, 393 (1993)).  She does not address the Rule 60(b)(6) argument, other than to state that Rules 60(b)(1) and (b)(6) are mutually exclusive.  Id. at 3 (citing Pioneer, 507 U.S. at 393).

Petitioner filed a reply on February 17, 2015.  Petitioner argues that a denial of the motion will harm "substantial rights" of G.G.M.  She argues that G.G.M. will be denied a remedy for her medical expenses, which her life care planner has estimated to be between $11 and $13 million.

## ANALYSIS

### A. Applicable Legal Standards

Under the Vaccine Rules, a party may seek relief from judgment pursuant to RCFC 60.  Vaccine Rule 36(a).  If the petition was not previously assigned to a Court of Federal Claims judge, the motion is referred to the previously assigned special master.  Vaccine Rule 36(a)(2).

RCFC 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;

---

injury or death caused by vaccine side effects."  Bruesewitz v. Wyeth L.L.C., 131 S.Ct. 1068, 1082 (2011).

[3] The Vaccine Act states, "No vaccine manufacturer shall be liable in a civil action for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, solely due to the manufacturer's failure to provide direct warnings to the injured party (or the injured party's legal representative) of the potential dangers resulting from the administration of the vaccine manufactured by the manufacturer."  42 U.S.C. § 300aa-22(c).

3

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

RCFC 60(b) is identical to Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"), and thus cases analyzing "excusable neglect" under those rules are also instructive.[4]

"A motion for relief from judgment [pursuant to Rule 60(b)] is one for extraordinary relief entrusted to the discretion of the court." Matos v. Sec'y of HHS, 30 Fed. Cl. 223, 225 (Fed. Cl. 1993) (quoting Yachts America, Inc. v. United States, 8 Cl. Ct. 278, 281 (Cl. Ct. 1985)). In order to preserve the finality of judgment, such relief should be used sparingly—only when "the need for truth outweighs the value of finality in litigation." Curtis v. United States, 61 Fed. Cl. 511, 512 (Fed. Cl. 2004). In sum, "the granting of RCFC 60(b) relief should be the exception, not the rule." Vessels v. Sec'y of HHS, 65 Fed. Cl. 563, 568 (Fed. Cl. 2005).

### 1. RCFC 60(b)(1)

Under Rule 60(b)(1), relief may be granted for "mistake, inadvertence, surprise or excusable neglect." RCFC 60(b)(1). In determining whether a movant has made a prima facie case for relief under Rule 60(b)(1), the court considers: "(1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." Orient Overseas Container Line (UK) Ltd. v. United States, 52 Fed. Cl. 805, 807 (Fed. Cl. 2002) (citing Information Systems & Networks Corp. v. United States, 994 F.2d 792, 795–96 (Fed. Cir. 1993)). No single factor is determinative. Rather, the court applies a balancing approach, "taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

### 2. RCFC 60(b)(6)

Under Rule 60(b)(6), a court may relieve a party from judgment for "any other reason that justifies relief." RCFC 60(b)(6). A motion for relief from judgment under Rule 60(b)(6) may not be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Kennedy v. Sec'y of HHS, 99 Fed. Cl. 535, 547 (Fed. Cl. 2011) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)). Rather, these clauses are "mutually exclusive." Id. at 548 (quoting Pioneer, 507 U.S. at 393). To merit relief under Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer, 507 U.S. at 393 (citing Liljeberg, 486 U.S. at 863, and Ackermann v. United States, 340 U.S. 193, 202 (1950)).

---

[4] Courts have also analyzed "excusable neglect" according to FRCP 60(b)(1) case law in other contexts. For example, in Pioneer, 507 U.S. at 395, the Supreme Court evaluated case law interpreting FRCP 60(b)(1) when analyzing "excusable neglect" under the Federal Rules of Bankruptcy Procedure 9006(b)(1).

### B. Evaluating Petitioner's Motion for Relief from Judgment

#### 1. Petitioner's Claim for Relief Under RCFC 60(b)(1)

##### i. Existence of a Meritorious Claim

The first question in the three-factor test is whether the movant has a meritorious claim or defense. An inquiry as to whether the movant has stated a meritorious claim is intended to ensure that "'vacating the judgment . . . will not be an empty exercise' on a determination of the merits." Stelco Holding Co. v. United States, 44 Fed. Cl. 703, 709 (Fed. Cl. 1999) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20 (1st Cir. 1992)). A claim is deemed meritorious if it states a legally tenable cause of action, that is, if it "alleges a set of operative facts, which, if proven at trial, would establish . . . entitlement." Id.

In this case, petitioner has a legally tenable claim. The petition was timely; petitioner filed an affidavit, proof of vaccination, and accompanying medical records; and several treating physicians opined that G.G.M.'s vaccination caused her injury. The undersigned stated at the outset of the case in the initial telephonic status conference that she considered it a good case for litigative risk settlement negotiations. The parties proceeded to engage in settlement negotiations for almost a year before petitioner elected to move to dismiss. While there is certainly no guarantee that petitioner would prevail if the case were to be reinstated,[5] the claim is a meritorious one.

##### ii. Prejudice to Respondent

The second inquiry in the three-factor test is whether the nonmoving party will be prejudiced if the requested relief is granted. An interest in the finality of judgment is not sufficient prejudice, as any prevailing litigant would have such an interest. Stelco, 44 Fed. Cl. at 714. Rather, the court must consider whether granting relief from judgment "would present any concrete threat of injury" to the nonmovant. Id. at 714. Examples of such prejudice include "the possibility of loss of evidence or other difficulties in obtaining discovery," and/or unfair surprise. Id. at 714–15.

In this case, respondent has not argued that she would be prejudiced in any way if the motion for relief from judgment were granted, and the undersigned does not foresee any significant prejudice against respondent if the motion were granted.

---

[5] Petitioner asserts that because the Court held this was a "causation-in-fact case," a causal connection between the vaccine and G.G.M.'s injuries is "strongly support[ed]." Pet'r's Reply at 5. Petitioner misconstrues the undersigned's statement. The undersigned was merely stating that in order to prevail, petitioner would need to prove causation in fact, as opposed to a Table case, in which causation is presumed. If the case were reinstated, petitioner would still need to make a *prima facie* case, which has not yet been established.

### iii.     Petitioner's Culpability

The third factor to consider in the three-part balancing test is "whether the matter sought to be relieved was caused by the movant's own culpable conduct." Orient Overseas, 52 Fed. Cl. at 807.  A litigant's action or inaction that is due solely to intervening circumstances beyond its reasonable control will qualify as "excusable neglect." Pioneer, 507 U.S. at 388, 394.  In contrast, an act or omission that is "within the reasonable control" of the party "strongly militates against a grant of relief from judgment." Guillot v. Sec'y of HHS, 2012 WL 3867160 at *7 (Fed. Cl. Spec. Mstr. Aug. 15, 2012) (citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003)).

In this case, the action at issue is a decision to move for voluntary dismissal, premised upon a misunderstanding of the law.  Petitioner's counsel was ignorant of Bruesewitz, 131 S.Ct. 1068, and section 300aa-22(c) of the Vaccine Act, and thus did not understand that design defect and failure to warn claims against the vaccine manufacturer are preempted by the Vaccine Act.  This misunderstanding of the law clearly stemmed from counsel's failure to adequately research both the underlying statute and relevant Supreme Court case law.  An attorney has a duty to his client to provide competent legal service, which includes staying apprised of applicable statutory law and case law.  Furthermore, the responsibility to research legal precedent is certainly a task within the reasonable control of counsel.  See, e.g., Stelco, 44 Fed. Cl. at 721–22 ("A lawyer, of course, does not have the excuse of ignorance of the law."); Stevens v. Sec'y of HHS, 31 Fed. Cl. 12, 24 (Fed. Cl. 1994) ("[P]rior to filing a petition, counsel is presumed to have familiarized himself with the Vaccine Act and the rules of procedure applicable to the Vaccine Program.").

It is a well-established rule that gross carelessness, ignorance of the rules, and/or ignorance of the law are not sufficient bases to afford Rule 60(b)(1) relief. Pettle v. Bickham, 410 F.3d 189, 192 (5th Cir. 2005); Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985); Bridgham v. Sec'y of HHS, 33 Fed. Cl. 101, 105 (Fed. Cl. 1995).  Some courts have even gone so far as to state it would be an "abuse [of a court's] discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." Pettle, 410 F.3d at 192 (quoting Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993)).

Many of the Vaccine Act cases involving Rule 60(b)(1) concern the dismissal of a case for an attorney's failure to meet deadlines.  See, e.g., Freeman v. Sec'y of HHS, 35 Fed. Cl. 280, 282 (Fed. Cl. 1996) (Judge Bruggink granted relief from judgment where petitioners' attorney "misled" them by falsely telling them he had filed their medical documentation); Coleman v. Sec'y of HHS, 2011 WL 6828475 at *4 (Fed. Cl. Spec. Mstr. 2011) (then-Chief Special Master Campbell-Smith granted relief from judgment because the preparation of an expert report was "likely underway" when the petition was dismissed for counsel's failure to meet deadlines).  However, a dismissal decision granting a motion for voluntary dismissal is quite different from a dismissal decision for failure to prosecute following counsel's failure to comply with deadlines.  Whereas a decision for failure to prosecute may be unexpected by the attorney, a decision following a motion for voluntary dismissal is not.  A motion for voluntary dismissal is an extreme and *deliberate action* that should be taken only with the utmost care, and attorneys should be expected to fully research the consequences of a voluntary dismissal.

Federal courts have consistently upheld the principle that "'an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from judgment' under Rule 60(b)(1) or 60(b)(6)." Pettle, 410 F.3d at 192 (quoting Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986)); see also Eskridge v. Cook Cnty., 577 F.3d 806, 809–10 (7th Cir. 2009) ("It is . . . difficult to characterize [a] voluntary dismissal order as the result of excusable 'neglect.' . . . Since counsel made a 'deliberate, strategic choice' to dismiss the federal lawsuit and proceed . . . in state court, counsel's incorrect assessment of the consequences of that choice did not compel relief under Rule 60(b)."); McCurry v. Adventist Health Sys., 298 F.3d 586, 592 (6th Cir. 2002) ("[N]either strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment."). Shackleton v. Food Mach. & Chem. Corp., 248 F.2d 854 (7th Cir. 1957) (district court did not abuse its discretion by refusing to vacate its order granting plaintiff's motion to voluntarily dismiss defendant from suit); In re Mercado-Jimenez, 193 B.R.112 (D.P.R. 1996) (bankruptcy court did not abuse its discretion when it denied debtor's motion to withdraw an earlier motion for voluntary dismissal); DeLong's Inc. v. Stupp Bros. Bridge & Iron Co., 40 F.R.D. 127 (E.D. Mo. 1965) (district court denied plaintiff's motion to reinstate two defendants it voluntarily dismissed).

Moreover, it is not fundamentally unfair to deny relief to petitioner due to her counsel's ignorance of the law and his failure to adequately research the consequences of a voluntary dismissal. Petitioners are held accountable for the acts and omissions of their chosen legal counsel. Pioneer, 507 U.S. at 397 ("Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to 'have notice of all facts, notice of which can be charged upon the attorney.'" (citations omitted)).

While petitioner has a meritorious claim and respondent would not be unduly prejudiced if the motion for relief were granted, petitioner's "mistake" of law does not qualify as "excusable." The undersigned finds that petitioner's counsel's failure to fully research the decision to move for voluntary dismissal qualifies as culpable conduct, prohibiting the equitable remedy of relief from judgment.

### 2.   Petitioner's Claim for Relief Under RCFC 60(b)(6)

Rule 60(b)(6) allows a court to grant relief from judgment in circumstances where "a grave miscarriage of justice" would otherwise result. Coleman, 2011 WL 6828475 at *3. Relief from judgment will not be granted "if substantial rights of the party have not been harmed by the judgment" or order. Vessels, 65 Fed. Cl. at 568 (quoting Curtis v. United States, 61 Fed. Cl. 511, 512 (Fed. Cl. 2004)).

Petitioner argues she will suffer substantial harm if her motion is not granted, since she is prohibited from proceeding with a design defect or failure to warn claim against the vaccine manufacturer. She states that her only recourse would be a malpractice suit against her attorney, in which she could recover a maximum of $500,000 based on her attorney's malpractice insurance, significantly less that the amount respondent offered during settlement negotiations. Pet'r's Reply at 4, n.2. However, petitioner also has a pending manufacturing defect claim against the vaccine manufacturer and a pending demand for arbitration against the vaccine

administrator. She does not discuss how these claims are unviable, although she does offer to dismiss and/or withdraw them if her motion for relief from judgment in this Program is granted. Pet'r's Mot. at 2. Petitioner may still recover damages through one of these pending claims or, as petitioner notes, in a future legal malpractice suit. While she may be awarded less money in an alternative suit than she would have been awarded in the Vaccine Program, this is purely speculative, as well as a factor she should have considered before moving for voluntary dismissal. Petitioner presumably had the opportunity to accept a settlement offer from respondent and instead chose to dismiss her Vaccine Program petition and pursue a civil action.

Moreover, even if petitioner's other claims were completely unviable, she has not shown that these are "extraordinary circumstances" in which she is "faultless." Pioneer, 507 U.S. at 393. "The broad power granted by [Rule 60(b)](6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." Bohlin, 6 F.3d at 356–57 (quoting United States v. Neil, 709 F.2d 361, 373 n.12 (5th Cir. 1983)). As previously stated, petitioner's counsel's failure to research the repercussions of a voluntary dismissal was culpable conduct, and this conduct is imputed to petitioner. Petitioner argues that vacating judgment in this case would further the purpose of the Vaccine Act by protecting an injured child's right to receive a decision on the merits for her vaccine injury claim. However, there is also a strong public policy in the "overriding interest in the finality and repose of judgments." Vessels, 65 Fed. Cl. at 569. Petitioner made a deliberate choice to move for voluntary dismissal, and she must suffer the consequences of this choice. Simply put, enforcing a voluntary dismissal is not a "grave miscarriage of justice" meriting relief from judgment.

## CONCLUSION

Petitioner's counsel's ignorance of the law does not qualify as "excusable neglect" under RCFC 60(b)(1), and petitioner has not shown other "extraordinary circumstances" to merit relief from judgment under RCFC 60(b)(6). Petitioner voluntarily dismissed her claim and may not be relieved from judgment for this deliberate choice. Petitioner's motion for relief from judgment is **DENIED.**

**IT IS SO ORDERED.**

Dated:  February 27, 2015                                                                                /s/ Laura D. Millman
                                                                                                                      Laura D. Millman
                                                                                                                      Special Master