# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-421V
Filed: August 31, 2017
Not for Publication

*************************************

| | |
|---|---|
| G.G.M., a Minor, by and Through her Guardian Ad Litem, LORENA MORA, | * * * |
| Petitioner, | * * |
| v. | * * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * * * |

*************************************

Interim attorneys' fees and costs decision; reasonable attorneys' fees and costs; reduction for time billed while travelling

<u>Anne C. Toale</u>, Sarasota, FL, for petitioner.
<u>Claudia B. Gangi</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 25, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that her minor daughter, G.G.M., suffered complete lower extremity paralysis and other injuries as a result of G.G.M.'s receipt of influenza vaccine on September 5, 2012. On March 24, 2015, the undersigned issued a decision awarding interim attorneys' fees and costs to petitioner's prior counsel, Mr. Danny Chia-Chi Soong.

On June 7, 2017, petitioner filed a motion for interim attorneys' fees and costs on behalf of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

her previous attorneys Mr. Peder Batalden and Mr. Scott Dixler for their work on her appeal to the U.S. Court of Appeals for the Federal Circuit.   Petitioner seeks $139,712.50 in attorneys' fees and $1,056.97 in attorneys' costs, for a total request of $140,769.47.

On June 20, 2017, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."   Id. at 3.

Petitioner filed a reply to respondent's response to her motion on June 22, 2017.   In her reply, petitioner argues that she has met her burden of establishing reasonable interim attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").   Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.   See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that the majority of petitioner's interim attorneys' fees and costs request is reasonable.   However, the undersigned will reduce petitioner's award for travel time billed by her counsel.

Petitioner's counsel billed a total of 16.4 hours of time at an hourly rate of $350.00 for travel to and from Glendale, California and Washington, DC.   Fee App. Ex. 2, at 18.   It is well established that travel time is compensated at 50 percent of counsel's hourly rate when the attorney is not performing work while traveling. See, Carter v. Sec'y of HHS, No. 04–1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007).   There is no indication that petitioner's counsel performed work while traveling.   Therefore, 16.4 hours of petitioner's counsel's time will be compensated at a 50 percent rate.   **Accordingly, the undersigned reduces petitioner's award of interim attorneys' fees and costs by $2,870.00**.

The court awards **$137,899.47**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Maglio, Christopher & Toale in the amount of **$137,899.47**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the

court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>August 31, 2017</u>                                        <u>/s/ Laura D. Millman</u>
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.