# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-421V
Filed: November 27, 2018
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| G.G.M., a Minor, by and Through her Guardian Ad Litem, LORENA MORA, | * * * |
| Petitioner, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * * |

Damages decision based on stipulation; influenza ("flu") vaccine; transverse myelitis

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Danielle A. Strait</u>, Seattle, WA, for petitioner.
<u>Claudia B. Gangi</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On November 27, 2018, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges, on behalf of her daughter, that G.G.M. suffered from transverse myelitis and related sequelae as a result of her receipt of the influenza ("flu") vaccine on or about September 5, 2012. She further alleges that G.G.M. experienced the residual effects of this injury for more than six months. Respondent denies that the flu vaccine caused petitioner to suffer transverse myelitis or any other injury. Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). **This means the decision will be available to anyone with access to the Internet**. Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

The undersigned finds the terms of the stipulation to be reasonable.  The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set for therein.   Pursuant to the stipulation, the court awards:

a. an amount sufficient to purchase the annuity contract described in paragraphs 10(a) through 10(h) of the stipulation attached;

b. a lump sum of **$825,168.00**, in the form of a check payable to petitioner as guardian/conservator of the estate of G.G.M. for the benefit of G.G.M, representing compensation for future life care plan expenses for the first year following the entry of judgment ($148,527.00), pain and suffering ($250,000.00), and lost future earnings ($426,641.00); and

c. a lump sum of **$14,135.00** in the form of a check payable to petitioner.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 27, 2018                                                                 /s/ Laura D. Millman
                                                                                                         Laura D. Millman
                                                                                                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| G.G.M., a Minor, by and Through her Guardian Ad Litem, LORENA MORA,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 13-421V   ECF<br>Special Master Millman |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Lorena Mora, legal representative of minor child, GGM ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to GGM's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. GGM received the flu vaccine on or about September 5, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused GGM to develop transverse myelitis and related sequelae, and that she experienced residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of GGM's condition.

6. Respondent denies that GGM suffered from transverse myelitis as a result of her flu immunization and denies that the flu vaccine caused her any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> (a) An amount sufficient to purchase the annuity contract described in paragraphs 10(a) through 10(h) below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1]
>
> (b) A lump sum of $825,168.00 in the form of a check payable to petitioner as guardian/conservator of the estate of GGM for the benefit of GGM. This amount represents compensation for future life care plan expenses for the first year following the entry of judgment ($148,527.00), pain and suffering ($250,000.00), and lost future earnings ($426,641.00). No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of the estate of GGM; and
>
> (c) A lump sum of $14,135.00 in the form of a check payable to petitioner. This amount represents all compensation for past unreimbursed vaccine related expenses available under 42 U.S.C. § 300aa-15(a)(1)(B).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

2

(a)   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

(b)   Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

(c)   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

(d)   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of GGM, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners for the following items of compensation:

a. For future medical insurance expenses,

beginning on the first anniversary of the date of judgment, an annual amount of $1,500.00 to be paid up to the anniversary of the date of judgment in year 2036, then

beginning on the anniversary of the date of judgment in year 2036, an annual amount of $7,448.84 to be paid up to the anniversary of the date of judgment in year 2037, then

beginning on the anniversary of the date of judgment in year 2037, an annual amount of $7,530.44 to be paid up to the anniversary of the date of judgment in year 2038, then

beginning on the anniversary of the date of judgment in year 2038, an annual amount of $7,628.48 to be paid up to the anniversary of the date of judgment in year 2039, then

beginning on the anniversary of the date of judgment in year 2039, an annual amount of $7,787.60 to be paid up to the anniversary of the date of judgment in year 2040, then

beginning on the anniversary of the date of judgment in year 2040, an annual amount of $7,918.28 to be paid up to the anniversary of the date of judgment in year 2041, then

beginning on the anniversary of the date of judgment in year 2041, an annual amount of $7,983.56 to be paid up to the anniversary of the date of judgment in year 2042, then

beginning on the anniversary of the date of judgment in year 2042, an annual amount of $8,081.60 to be paid up to the anniversary of the date of judgment in year 2043, then

beginning on the anniversary of the date of judgment in year 2043, an annual amount of $8,179.52 to be paid up to the anniversary of the date of judgment in year 2044, then

beginning on the anniversary of the date of judgment in year 2044, an annual amount of $8,240.84 to be paid up to the anniversary of the date of judgment in year 2045, then

beginning on the anniversary of the date of judgment in year 2045, an annual amount of $8,306.12 to be paid up to the anniversary of the date of judgment in year 2046, then

beginning on the anniversary of the date of judgment in year 2046, an annual amount of $8,338.76 to be paid up to the anniversary of the date of judgment in year 2047, then

beginning on the anniversary of the date of judgment in year 2047, an annual amount of $8,371.40 to be paid up to the anniversary of the date of judgment in year 2048, then

beginning on the anniversary of the date of judgment in year 2048, an annual amount of $8,404.04 to be paid up to the anniversary of the date of judgment in year 2049, then

beginning on the anniversary of the date of judgment in year 2049, an annual amount of $8,436.80 to be paid up to the anniversary of the date of judgment in year 2050, then

beginning on the anniversary of the date of judgment in year 2050, an annual amount of $8,502.08 to be paid up to the anniversary of the date of judgment in year 2051, then

beginning on the anniversary of the date of judgment in year 2051, an annual amount of $8,567.36 to be paid up to the anniversary of the date of judgment in year 2052, then

beginning on the anniversary of the date of judgment in year 2052, an annual amount of $8,665.40 to be paid up to the anniversary of the date of judgment in year 2053, then

beginning on the anniversary of the date of judgment in year 2053, an annual amount of $8,759.24 to be paid up to the anniversary of the date of judgment in year 2054, then

beginning on the anniversary of the date of judgment in year 2054, an annual amount of $8,889.92 to be paid up to the anniversary of the date of judgment in year 2055, then

beginning on the anniversary of the date of judgment in year 2055, an annual amount of $9,053.24 to be paid up to the anniversary of the date of judgment in year 2056, then

beginning on the anniversary of the date of judgment in year 2056, an annual amount of $9,245.12 to be paid up to the anniversary of the date of judgment in year 2057, then

beginning on the anniversary of the date of judgment in year 2057, an annual amount of $9,473.72 to be paid up to the anniversary of the date of judgment in year 2058, then

beginning on the anniversary of the date of judgment in year 2058, an annual amount of $9,730.88 to be paid up to the anniversary of the date of judgment in year 2059, then

beginning on the anniversary of the date of judgment in year 2059, an annual amount of $10,024.88 to be paid up to the anniversary of the date of judgment in year 2060, then

beginning on the anniversary of the date of judgment in year 2060, an annual amount of $10,314.68 to be paid up to the anniversary of the date of judgment in year 2061, then

beginning on the anniversary of the date of judgment in year 2061, an annual amount of $10,641.32 to be paid up to the anniversary of the date of judgment in year 2062, then

beginning on the anniversary of the date of judgment in year 2062, an annual amount of $10,963.76 to be paid up to the anniversary of the date of judgment in year 2063, then

beginning on the anniversary of the date of judgment in year 2063, an annual amount of $11,318.96 to be paid up to the anniversary of the date of judgment in year 2064, then

beginning on the anniversary of the date of judgment in year 2064, an annual amount of $11,678.24 to be paid up to the anniversary of the date of judgment in year 2065, then

beginning on the anniversary of the date of judgment in year 2065, an annual amount of $12,066.08 to be paid up to the anniversary of the date of judgment in year 2066, then

beginning on the anniversary of the date of judgment in year 2066, an annual amount of $12,453.92 to be paid up to the anniversary of the date of judgment in year 2067, then

beginning on the anniversary of the date of judgment in year 2067, an annual amount of $12,874.40 to be paid up to the anniversary of the date of judgment in year 2068, then

beginning on the anniversary of the date of judgment in year 2068, an annual amount of $13,298.96 to be paid up to the anniversary of the date of judgment in year 2069, then

beginning on the anniversary of the date of judgment in year 2069, an annual amount of $13,752.08 to be paid up to the anniversary of the date of judgment in year 2070, then

beginning on the anniversary of the date of judgment in year 2070, an annual amount of $13,976.60 to be paid up to the anniversary of the date of judgment in year 2071, then

beginning on the anniversary of the date of judgment in year 2071, an annual amount of $14,429.84 to be paid up to the anniversary of the date of judgment in year 2072, then

beginning on the anniversary of the date of judgment in year 2072, an annual amount of $14,821.76 to be paid up to the anniversary of the date of judgment in year 2073, then

beginning on the anniversary of the date of judgment in year 2073, an annual amount of $15,078.92 to be paid up to the anniversary of the date of judgment in year 2074, then

beginning on the anniversary of the date of judgment in year 2074, an annual amount of $15,401.48 to be paid up to the anniversary of the date of judgment in year 2075, then

beginning on the anniversary of the date of judgment in year 2075, an annual amount of $3,516.00 to be paid up to the anniversary of the date of judgment in year 2078, then

beginning on the anniversary of the date of judgment in year 2078, an annual amount of $3,624.00 to be paid up to the anniversary of the date of judgment in year 2080, then

beginning on the anniversary of the date of judgment in year 2080, an annual amount of $3,864.00 to be paid up to the anniversary of the date of judgment in year 2082, then

beginning on the anniversary of the date of judgment in year 2082, an annual amount of $4,236.00 to be paid up to the anniversary of the date of judgment in year 2084, then

beginning on the anniversary of the date of judgment in year 2084, an annual amount of $4,548.00 to be paid up to the anniversary of the date of judgment in year 2086, then

beginning on the anniversary of the date of judgment in year 2086, an annual amount of $5,004.00 to be paid up to the anniversary of the date of judgment in year 2088, then

beginning on the anniversary of the date of judgment in year 2088, an annual amount of $5,316.00 to be paid up to the anniversary of the date of judgment in year 2090, then

beginning on the anniversary of the date of judgment in year 2090, an annual amount of $5,412.00 to be paid up to the anniversary of the date of judgment in year 2092, then

beginning on the anniversary of the date of judgment in year 2092, an annual amount of $5,664.00 to be paid up to the anniversary of the date of judgment in year 2093, then

beginning on the anniversary of the date of judgment in year 2093, an annual amount of $6,168.00 to be paid up to the anniversary of the date of judgment in year 2095, then

beginning on the anniversary of the date of judgment in year 2095, an annual amount of $6,408.00 to be paid for the remainder of GGM's life, all amounts increasing at the rate of five percent (5.0%), compounded annually from the date of judgment;

      b. For future medical care expenses, including podiatrist and dietician expenses,

beginning on the first anniversary of the date of judgment, an annual amount of $466.00 to be paid up to the anniversary of the date of judgment in year 2029, then

beginning on the anniversary of the date of judgment in year 2029, an annual amount of $364.67 to be paid up to the anniversary of the date of judgment in year 2032, then

beginning on the anniversary of the date of judgment in year 2032, an annual amount of $453.67 to be paid up to the anniversary of the date of judgment in year 2033, then

beginning on the anniversary of the date of judgment in year 2033, an annual amount of $364.67 to be paid up to the anniversary of the date of judgment in year 2075, then

beginning on the anniversary of the date of judgment in year 2075, an annual amount of $100.67 to be paid for the remainder of GGM's life, all amounts increasing at the rate of five percent (5.0%), compounded annually from the date of judgment;

    c. For future medication expenses,

beginning on the first anniversary of the date of judgment, an annual amount of $576.30 to be paid up to the anniversary of the date of judgment in year 2026, then

beginning on the anniversary of the date of judgment in year 2026, an annual amount of $561.30 to be paid up to the anniversary of the date of judgment in year 2028, then

beginning on the anniversary of the date of judgment in year 2028, an annual amount of $621.30 to be paid up to the anniversary of the date of judgment in year 2075, then

beginning on the anniversary of the date of judgment in year 2075, an annual amount of $1,202.08 to be paid for the remainder of GGM's life, all amounts increasing at the rate of five percent (5.0%), compounded annually from the date of judgment;

    d. For future ancillary services expenses, including case management, counseling, occupational therapy evaluations, aquatic therapy, community pool fitness program, a personal trainer, an educational advocate, summer camp, self-defense courses, and Spinal Cord Injury organization membership,

beginning on the first anniversary of the date of judgment, an annual amount of $15,592.00 to be paid up to the anniversary of the date of judgment in year 2020, then

beginning on the anniversary of the date of judgment in year 2020, an annual amount of $16,443.00 to be paid up to the anniversary of the date of judgment in year 2021, then

beginning on the anniversary of the date of judgment in year 2021, an annual amount of $15,592.00 to be paid up to the anniversary of the date of judgment in year 2022, then

beginning on the anniversary of the date of judgment in year 2022, an annual amount of $17,416.00 to be paid up to the anniversary of the date of judgment in year 2023, then

beginning on the anniversary of the date of judgment in year 2023, an annual amount of $15,624.00 to be paid up to the anniversary of the date of judgment in year 2024, then

beginning on the anniversary of the date of judgment in year 2024, an annual amount of $17,047.00 to be paid up to the anniversary of the date of judgment in year 2025, then

beginning on the anniversary of the date of judgment in year 2025, an annual amount of $15,624.00 to be paid up to the anniversary of the date of judgment in year 2026, then

beginning on the anniversary of the date of judgment in year 2026, an annual amount of $16,475.40 to be paid up to the anniversary of the date of judgment in year 2027, then

beginning on the anniversary of the date of judgment in year 2027, an annual amount of $14,651.40 to be paid up to the anniversary of the date of judgment in year 2028, then

beginning on the anniversary of the date of judgment in year 2028, an annual amount of $19,199.40 to be paid up to the anniversary of the date of judgment in year 2029, then

beginning on the anniversary of the date of judgment in year 2029, an annual amount of $17,334.40 to be paid up to the anniversary of the date of judgment in year 2031, then

beginning on the anniversary of the date of judgment in year 2031, an annual amount of $19,753.40 to be paid up to the anniversary of the date of judgment in year 2032, then

beginning on the anniversary of the date of judgment in year 2032, an annual amount of $13,254.40 to be paid up to the anniversary of the date of judgment in year 2033, then

beginning on the anniversary of the date of judgment in year 2033, an annual amount of $11,430.40 to be paid up to the anniversary of the date of judgment in year 2038, then

beginning on the anniversary of the date of judgment in year 2038, an annual amount of $13,254.40 to be paid up to the anniversary of the date of judgment in year 2039, then

beginning on the anniversary of the date of judgment in year 2039, an annual amount of $11,430.40 to be paid up to the anniversary of the date of judgment in year 2045, then

beginning on the anniversary of the date of judgment in year 2045, an annual amount of $13,254.40 to be paid up to the anniversary of the date of judgment in year 2046, then

beginning on the anniversary of the date of judgment in year 2046, an annual amount of $11,430.40 to be paid up to the anniversary of the date of judgment in year 2050, then

beginning on the anniversary of the date of judgment in year 2050, an annual amount of $19,158.40 to be paid up to the anniversary of the date of judgment in year 2051, then

beginning on the anniversary of the date of judgment in year 2051, an annual amount of $17,334.40 to be paid up to the anniversary of the date of judgment in year 2060, then

beginning on the anniversary of the date of judgment in year 2060, an annual amount of $19,158.40 to be paid up to the anniversary of the date of judgment in year 2061, then

beginning on the anniversary of the date of judgment in year 2061, an annual amount of $17,334.40 to be paid for the remainder of GGM's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

e. For future supplies expenses, including a Rifton Stander, Dynamic Stander, Handycycle, Hi-Lo bed, and a power standing wheelchair,

beginning on the first anniversary of the date of judgment, an annual amount of $6,684.64 to be paid up to the anniversary of the date of judgment in year 2022, then

beginning on the anniversary of the date of judgment in year 2022, an annual amount of $34,304.14 to be paid up to the anniversary of the date of judgment in year 2023, then

beginning on the anniversary of the date of judgment in year 2023, an annual amount of $6,956.92 to be paid up to the anniversary of the date of judgment in year 2025, then

beginning on the anniversary of the date of judgment in year 2025, an annual amount of $7,085.82 to be paid up to the anniversary of the date of judgment in year 2026, then

beginning on the anniversary of the date of judgment in year 2026, an annual amount of $61,242.32 to be paid up to the anniversary of the date of judgment in year 2027, then

beginning on the anniversary of the date of judgment in year 2027, an annual amount of $19,267.72 to be paid for the remainder of GGM's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

f. For future home attendant care services expenses,

beginning on the first anniversary of the date of judgment, an annual amount of $23,028.00 to be paid up to the anniversary of the date of judgment in year 2028, then

beginning on the anniversary of the date of judgment in year 2028, an annual amount of $43,428.00 to be paid up to the anniversary of the date of judgment in year 2032, then

beginning on the anniversary of the date of judgment in year 2032, an annual amount of $46,028.00 to be paid up to the anniversary of the date of judgment in year 2050, then

beginning on the anniversary of the date of judgment in year 2050, an annual amount of $81,728.00 to be paid for the remainder of GGM's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

g. For future transportation expenses, including a wheelchair accessible van,

beginning on the first anniversary of the date of judgment, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2025, then

beginning on the anniversary of the date of judgment in year 2025, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2026, then

beginning on the anniversary of the date of judgment in year 2026, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2032, then

beginning on the anniversary of the date of judgment in year 2032, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2033, then

beginning on the anniversary of the date of judgment in year 2033, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2039, then

beginning on the anniversary of the date of judgment in year 2039, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2040, then

beginning on the anniversary of the date of judgment in year 2040, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2046, then

beginning on the anniversary of the date of judgment in year 2046, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2047, then

beginning on the anniversary of the date of judgment in year 2047, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2053, then

beginning on the anniversary of the date of judgment in year 2053, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2054, then

beginning on the anniversary of the date of judgment in year 2054, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2060, then

beginning on the anniversary of the date of judgment in year 2060, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2061, then

beginning on the anniversary of the date of judgment in year 2061, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2067, then

beginning on the anniversary of the date of judgment in year 2067, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2068, then

beginning on the anniversary of the date of judgment in year 2068, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2074, then

beginning on the anniversary of the date of judgment in year 2074, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2075, then

beginning on the anniversary of the date of judgment in year 2075, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2081, then

beginning on the anniversary of the date of judgment in year 2081, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2082, then

beginning on the anniversary of the date of judgment in year 2082, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2088, then

beginning on the anniversary of the date of judgment in year 2088, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2089, then

beginning on the anniversary of the date of judgment in year 2089, an annual amount of $48.00 to be paid up to the anniversary of the date of judgment in year 2095, then

beginning on the anniversary of the date of judgment in year 2095, an annual amount of $44,338.00 to be paid up to the anniversary of the date of judgment in year 2096, then

beginning on the anniversary of the date of judgment in year 2096, an annual amount of $48.00 to be paid for the remainder of GGM's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment;

    h. For future home modification expenses,

beginning on the first anniversary of the date of judgment, an annual amount of $70.30 to be paid up to the anniversary of the date of judgment in year 2032, then

beginning on the anniversary of the date of judgment in year 2032, an annual amount of $81,136.80 to be paid up to the anniversary of the date of judgment in year 2033, then

beginning on the anniversary of the date of judgment in year 2033, an annual amount of $56.80 to be paid for the remainder of GGM's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment.

    At the sole discretion of the Secretary of Health and Human Services, the periodic payments described in paragraphs 10(a) - (h) may be provided to the petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments described in paragraphs 10(a) - (h) from the Life Insurance Company only so long as GGM is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of GGM's death.

11. The annuity contract(s) will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and any amounts awarded pursuant to paragraph 12, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided

pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of GGM as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of GGM's estate under the laws of the State of California. No payments pursuant to paragraphs 8(a) or (b) of this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of GGM's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of GGM at the time a payment pursuant to paragraphs 8(a) or (b) of this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of GGM upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of GGM, on behalf of herself, GGM and GGM's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of GGM resulting from, or alleged to have resulted from, the flu vaccine administered on or about September 5, 2012, as alleged by petitioner in a

petition for vaccine compensation filed on or about June 25, 2013, in the United States Court of Federal Claims as petition No. 13-421V.

18. If GGM should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused GGM's alleged transverse myelitis and/or any other injury or her current condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of GGM.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

15

Respectfully submitted,

**PETITIONER:**

_[signature]_
LORENA MORA, legal representative of GGM

**ATTORNEY OF RECORD FOR PETITIONER:**

_[signature]_
DANIELLE A. STRAIT
MAGLIO CHRISTOPHER & TOALE, P.A.
701 5th Ave. Suite 3505
Seattle, WA 98104
Tel: (888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_[signature]_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_Ward Sorensen for_
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_[signature]_
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

Dated: 11-27-18

15