# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 29, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| G.G.M., *a Minor, by and Through her* | * | |
| *Guardian Ad Litem,* LORENA MORA, | * | No. 13-421V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Danielle A. Strait, Maglio, Christopher & Toale, Seattle, WA, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On June 25, 2013, Lorena Mora ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her minor child, G.G.M.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that G.G.M. suffered from transverse myelitis and related sequelae as a result of her receipt of the influenza ("flu") vaccine on or about September 4, 2012. On November 27, 2018, the parties filed a stipulation for award, which the previously assigned special master adopted as her Decision awarding damages on the same day. Decision, ECF No. 79.[3]

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Special Master Millman's retirement this case was reassigned to me on August 12, 2019 for resolution of attorneys' fees and costs.

On July 29, 2019, petitioner filed an application for final attorneys' fees and costs. ECF No. 85 ("Fees App."). Petitioner requests the following compensation: attorneys' fees and costs in the amount of $78,237.15 (representing $64,267.00 in fees and $13,970.15 in costs) for the work of her counsel at Maglio, Christopher & Toale, attorneys' fees and costs in the amount of $20,173.50 (representing $19,688.50 in fees and $485.00 in costs) for the guardianship work of her counsel at Phelps Law Group, $2,746.00 for the bond premium and the electronic filing of proof of bond which was incurred as a past cost and paid from the guardianship corpus, and $49,893.00 in future attorneys' fees and costs for the maintenance and discharge of the guardianship until G.G.M. reaches the age of majority. Fees App. at 5-6. Pursuant to General Order No. 9, petitioner warrant that she has not incurred any costs related to the prosecution of the petition.

Respondent responded to the motion on August 22, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the special master "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp. at 2–3 (ECF No. 88). Petitioner filed a reply on August 26, 2019, reiterating her belief that the requested amount of attorneys' fees and costs was reasonable. Reply at 2 (ECF No. 89). This matter is now ripe for consideration.

**I.        Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests the following rates for the work of her attorneys at Maglio Christopher and Toale, PA: for Ms. Danielle Strait, $322.00 per hour for work performed in 2018 and $340.00 per hour for work performed in 2019; for Mr. Altom Maglio, $381.00 per hour for work performed in 2018; for Ms. Jennifer Maglio, $362.00 per hour for work performed in 2017; and for Ms. Anne Toale, $378.00 per hour for work performed in 2017 and $402.00 per hour for work performed in 2018. Fees App. Ex. 1 at 25. Paralegal rates of $145.00 per hour to $154.00 per hour are also requested. *Id.* I have reviewed the requested hourly rates and find them to be reasonable and consistent with what these Maglio firm attorneys and paralegals have previously been awarded for their Vaccine Program work. Accordingly, no adjustment is required.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

"excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find the overall hours billed (197.2) to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed and Respondent has not indicated that he finds any particular entries to be objectionable. Petitioner is therefore awarded **$64,267.00** in final fees.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $13,970.15 in attorneys' costs. Most of this amount is for the work of petitioner's life care planner, while the remainder is for obtaining medical records, travel expenses to meet with petitioner, and postage. Fees App. Ex. 2 at 1-2. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in my experience. Petitioner is thus entitled to the full amount of attorneys' costs sought.

### d. Fees and Costs for Guardianship Work

Petitioner requests $20,173.50 (representing $19,688.50 in attorneys' fees and $485.00 in costs) for the work of her counsel at Phelps Law Group, who represented her in performing the requisite guardianship work. I have reviewed the submitted billing statements for the work provided by Phelps Law Group and find the requested attorneys' fees and costs to be reasonable.[5] Additionally, respondent has not raised any objection to this work performed. Accordingly, I find that the Phelps Law Group is entitled to a full reimbursement for all fees and costs incurred as part of the guardianship proceedings.

### e. Attorneys' Fees and Costs for Guardianship Maintenance

Petitioner requests a total of $52,639.00 for guardianship maintenance, comprised of $2,746.00 which has already been incurred and paid from the guardianship corpus for the premium expense for petitioner and her husband to be bonded to serve as guardians, $27,925.00 in future attorneys' fees necessary for maintaining G.G.M.'s lump sum compensation and accepting future

---

[5] I also note that as part of the guardianship proceedings, Judge Paul T. Suzuki of the Superior Court of California, County of Los Angeles, who presided over the case, noted that fees and costs incurred from the guardianship proceeding were reasonable. Fees App. Ex. 4 at 4.

annuity benefits from this award,[6] and $21,968.00 in future costs for the per annum premium petitioner must incur to be bonded to serve as guardian.[7] Fees App. at 3-4.

Per the Federal Circuit's recent decision in *McCulloch v. Sec'y of Health & Human Servs.*, costs associated with maintenance of the guardianship fall under 42 U.S.C. § 300aa-15(e)(1) as reasonable attorneys' fees and other costs "incurred in any proceeding on [a Vaccine Act] petition. 923. F.3d 998, 1003 (Fed. Cir. 2019). Accordingly, the award of such future fees and costs is proper in the instant case.

Concerning the reasonableness of the future attorneys' fees and costs, petitioner has submitted a statement from counsel at Phelps Law Group, which breaks down the amount of attorney hours required for each guardianship accounting as well as the costs associated with annual bondings and court filing fees. Fees App. Ex. 7 at 1. I have reviewed the projection of future fees and costs by the Phelps Group. The anticipated fees and costs appear reasonable. Notably, the estimates appear consistent with the firm's prior work for which detailed billing records were submitted and which I and the probate court have determined to be reasonable. Based on petitioner's submissions, the request for compensation for the annual bond premium appears reasonable as well. Respondent also has not challenged the anticipated future fees and costs as unreasonable. Accordingly, I find these costs to be reasonable and shall award them in full.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. **Accordingly, I award the following:**

1) **a lump sum in the amount of $78,237.15, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and Maglio Christopher and Toale, PA;**

2) **a lump sum in the amount of $20,173.50, representing reimbursement for petitioner's guardianship attorneys' fees and costs, in the form of a check payable to petitioner and Phelps Law Group; and**

3) **a lump sum in the amount of $52,639.00, representing past guardianship costs and future attorneys' fees and costs for guardianship maintenance, in the form of a check payable to petitioner and the Guardianship of the Estate of Genesis Mora.**

---

[6] Based on G.G.M.'s age, it is anticipated that the estate will remain open until 2028, when she reaches the age of majority. Accordingly, the $27,925.00 represents filing fees and attorney billing for five future accountings required by California law to occur in 2020, 2022, 2024, 2026, and 20208.

[7] This amount represents an anticipated annual bonding fee of $2,746.00 to be paid every June from 2020-2027.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Daniel T. Horner  
Daniel T. Horner  
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).